Mary Larsen v. T. T. Murray.

Decided May 3, 1902.

**Claimant's Bond—Death of Surety.**

Where property seized under process has been delivered to a claimant who has made oath and given bond therefor, and a surety on the bond subsequently dies, the claimant can not be required to give a new bond in order to have his rights to the property adjudicated.

Appeal from the County Court of Bowie. Tried below before Hon. A. S. Watlington.

*Glass, Estes & King,* for appellant

RAINEY, Chief Justice.—Appellant filed a claimant's oath and bond under which certain property, which had been seized at the instance of appellee, was turned over to her. After tender of issues had been filed, appellant moved the court to require claimant to execute a new bond, as one of the sureties on claimant's bond had died, there being originally but two. This motion was sustained, and upon claimant refusing to execute a new bond, claimant's suit was dismissed, and the property ordered returned to the sheriff. This was error. When claimant filed oath and made bond and the property was delivered to her, she was entitled to have her rights thereto adjudicated, and the subsequent death of one of the sureties did not affect that right. The statute does not require a claimant to give a new bond in such a contingency, and we know of no rule of law that does.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*